UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                              Criminal No. 2:15cr24

RONALD LAVERNE JOHNS, JR.,

        Defendant.


<u>MEMORANDUM ORDER</u>

This matter is before the Court on Defendant Ronald Laverne Johns, Jr.'s ("Defendant") <u>pro</u> <u>se</u> motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. ECF No. 87. The Government opposes Defendant's motion on the merits. ECF No. 88. Shortly after the Government filed its opposition brief, counsel for Defendant filed a memorandum supporting Defendant's <u>pro</u> <u>se</u> motion seeking compassionate release. ECF No. 89. For the reasons stated below, Defendant's compassionate release motion is **DENIED on the merits**, although the Court makes a favorable recommendation to the Bureau of Prisons ("BOP") as alternatively requested by defense counsel.

## A. Administrative Remedies

Pursuant to 18 U.S.C. § 3582, this Court "may not modify a term of imprisonment once it has been imposed," except in very narrow circumstances. 18 U.S.C. § 3582(c). One such circumstance is when a federal inmate files a motion seeking "compassionate

release" <u>after</u> pursuing administrative remedies through the BOP. Here, the Government does not challenge the sufficiency of Defendant's efforts to exhaust his administrative remedies in light of an administrative request for compassionate release Defendant filed on June 16, 2020, with the Government instead arguing that Defendant's motion should be denied on the merits, <u>see</u> ECF No. 88, at 9-10; ECF No. 88-3, at 2.  In light of Defendant's administrative request(s), the Court agrees with the Government that it is appropriate to consider the merits of Defendant's compassionate release motion.

### B. Merits

For the reasons set forth in the Government's opposition brief, ECF No. 88, and for those set forth below, the Court finds that Defendant fails to demonstrate "extraordinary and compelling reasons" justifying compassionate release.  First considering Defendant's susceptibility to COVID-19, Defendant attempts to assert "under penalty of perjury" that he is "border line diabetic," has hypertension, and is obese.[1]  ECF No. 87-1.  Defendant's counsel, in turn, submits that Defendant suffers from "prediabetes" and "hypertension," but offers no evidence in support, nor does counsel reference obesity.  ECF No. 89, at 4-5.  Assuming Defendant's and counsel's statements to be true for the purposes

---

[1] Defendant's purported affidavit, submitted as an attachment to his motion, is not signed.  ECF No. 87-1.

of addressing this motion, Defendant has demonstrated some evidence of an increased risk of severe illness from COVID-19, with "obesity" being the greatest risk factor, albeit one that is not a permanent condition. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Nov. 3, 2020) (providing two lists of medical conditions, the first listing conditions that have been determined to present an increased risk of severe illness from COVID-19 (to include obesity), and a second listing conditions that "might" present an increased risk (to include hypertension)).[2]

Although Defendant has arguably presented some evidence of a particularized susceptibility to COVID-19, Defendant fails to demonstrate that such showing coupled with his conditions of confinement combine to constitute an "extraordinary and compelling" reason justifying compassionate release. See United States v. White, -- F. Supp. 3d --, No. 2:07cr150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020) (noting that "in the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a

_____

[2] While Type II diabetes and Type I diabetes are conditions that respectively present an increased risk or "might" present an increased risk, Defendant has only stated that he is "border line diabetic" or "prediabetic" which, absent further evidence, does not appear to qualify as a risk factor identified by the CDC. ECF No. 87-1. The Court separately notes that Defendant's relatively young age (39) does not suggest a notably elevated susceptibility to COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Nov. 3, 2020).

particularized susceptibility to the disease and a <u>particularized</u> <u>risk of contracting the disease at his prison</u> facility" (emphasis added) (quoting <u>United States v. Feiling</u>, No. 3:19cr112, 2020 WL 1821457 at *7 (E.D. Va. Apr. 10, 2020))).   Notably, the BOP's publicly reported COVID-19 information cited by the parties indicates that there are currently zero positive COVID-19 cases at Defendant's prison facility (Butner Medium II) among both inmates and staff, and that since the beginning of the pandemic, only twelve inmates and two staff members have tested positive for COVID-19 (all have now recovered). <u>See</u> https://www.bop.gov/coronavirus/ (last visited Nov. 3, 2020).[3]   Moreover, the BOP reports performing nearly 350 COVID-19 tests on inmates that are currently housed at Butner Medium II with a relatively low incidence of positive tests.

Based on Defendant's failure to demonstrate an "extraordinary and compelling" reason warranting compassionate release, his motion is **DENIED**.   ECF No. 87.   Consistent with what is required of every non-incarcerated individual with a controllable COVID-19 risk factor, Defendant is encouraged to actively take the steps necessary to improve his health/weight, to wear a mask, and to otherwise be proactive in protecting his own well-being.

---

[3] Both Defendant and his counsel accurately note that the Butner prison complex, which includes multiple separate prison facilities, has experienced a significant COVID-19 outbreak. <u>See</u> ECF Nos. 87, 89. However, as noted above, the facility where Defendant is assigned, Butner Medium II, has experienced very few cases and zero fatalities since the outset of the pandemic. <u>See</u> https://www.bop.gov/coronavirus/ (last visited Nov. 3, 2020).

Notwithstanding the Court's denial of Defendant's compassionate release motion, the Court **GRANTS** defense counsel's alternative request for a non-binding recommendation to the BOP, and hereby **RECOMMENDS** that: (1) the BOP re-evaluate Defendant for release to home confinement; and (2) if a satisfactory release plan can be developed addressing the "detainer" on Defendant from the City of Virginia Beach, the Court further **RECOMMENDS** that the BOP **assign Defendant to serve the remainder of his sentence on home confinement**. As argued by defense counsel, Defendant appears to have worked toward his rehabilitation while incarcerated, does not appear to have any recent incident reports, is/was working through prison industries enterprise, and purportedly has strong family support. Defendant's detainer resulting from his federal crime and his "medium" BOP security level and "medium" recidivism risk score appear to have contributed to the BOP previously determining that Defendant should not be released to home confinement; however, Defendant appears to dispute the continued accuracy of his BOP classifications and asserts that he should be re-evaluated. See ECF No. 88-3, at 6. Moreover, Defendant has served approximately 95% of his sentence (after "good time" credits) and is currently scheduled to be released in February of 2021. Because Defendant will need to address his detainer whether he is released in November or February, it does not appear that Defendant's release to home confinement at this time would materially increase his risk of

5

contracting COVID-19,[4] nor does there appear to be a demonstrated "risk to the public" in light of the percentage of the sentence that Defendant has completed.  Accordingly, in light of Defendant's impending release date and other relevant factors, the Court **RECOMMENDS** that the BOP release Defendant to home confinement in a manner consistent with BOP  quarantine procedures if the BOP, in conjunction with Defendant and/or his counsel, can fashion a release plan that addresses the outstanding detainer.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for Defendant and counsel for the Government.

**IT IS SO ORDERED.**

_____
/s/ Mark S. Davis
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November __5__, 2020

---

[4] Even assuming that Defendant will need to be transferred into state custody immediately upon his release from Butner (thus creating some risk that Defendant is exposed to COVID-19 while in state custody), there appears to be no material difference in exposure risk should such event occur in November of 2020 rather than in February of 2021.

6